# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1826V
Filed: February 21, 2025

```
* * * * * * * * * * * * *
HARRY L. MCCARTHY,          *
                            *
         Petitioner,        *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
         Respondent.        *
* * * * * * * * * * * * *
```

*Elizabeth Muldowney, Esq.*, Sands Anderson PC, Richmond VA, for petitioner.
*Mark Hellie, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On November 29, 2018, Harry L. McCarthy filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that he developed brachial plexopathy of his right upper extremity as a result of the influenza ("flu") vaccine he received in his left deltoid on November 30, 2015. Petition, ECF No. 1. Petitioner seeks an award of interim attorneys' fees and costs.

### I. Procedural History

The petition was filed on November 29, 2018, and the matter was assigned to Special Master Sanders. ECF Nos. 1,4. Petitioner filed medical records thereafter on December 3, 2018, and additional medical records and a statement of completion on January 8, 2019. Petitioner's Exhibits ("Pet. Ex.") 1-9, ECF Nos. 7, 9. After respondent identified outstanding medical records

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in a status report filed on July 12, 2019, petitioner filed additional records on September 9, 2019. ECF No. 13; Pet. Ex. 10, ECF No. 18.

On November 13, 2019, respondent filed his Rule 4(c) Report recommending against compensation in this matter. ECF No. 21. Thereafter, petitioner filed an expert report and medical literature from Dr. Lawrence Steinman on September 21, 2020. Pet. Ex. 11-35, ECF No. 27-29. Respondent filed a responsive report and medical literature from Dr. Robert Naismith on March 22, 2021. Respondent's Exhibits ("Resp. Ex.") A-E, ECF No. 34.

The parties continued exchanging expert reports, with Drs. Steinman and Naismith each filing two supplemental reports. Pet. Ex. 36, ECF No. 36; Resp. Ex. F, ECF No. 40; Pet. Ex. 39, ECF No. 43; Resp. Ex. G, ECF No. 46. Thereafter, an entitlement hearing was scheduled for January 2024. ECF No. 48.

On September 15, 2023, the case was reassigned to the undersigned. ECF No. 54. The entitlement hearing commenced on January 17, 2024. However, at the beginning of the hearing, the parties informed the Court that, after reviewing petitioner's medical records, respondent's expert's opinion had changed from what he had expressed in his reports. Accordingly, the hearing concluded after the direct examination of respondent's expert, and the parties agreed to proceed by submitting supplemental reports. ECF No. 72.

Respondent filed a supplemental report and medical literature from Dr. Naismith on February 29, 2024, and petitioner filed a supplemental report from Dr. Steinman on April 30, 2024. Resp. Ex. H, ECF No. 76; Pet. Ex. 47, ECF No. 78. The parties then filed a status report on June 17, 2024, proposing that the matter be scheduled for further proceedings. ECF No. 80.

On July 5, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 81. Petitioner requests a total of **$100,240.95,** representing $60,118.20 in attorneys' fees and $40,122.75 in costs. Motion for Interim Fees at 9-10. Respondent filed a response on July 19, 2024, deferring to the undersigned to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 83. Petitioner filed a reply on July 22, 2024, stating that she relies on the information provided in her original motion. Reply, ECF No. 84. Respondent was then ordered to clarify his position on reasonable basis. ECF No. 85. Respondent filed a status report on August 21, 2024, stating that he did not have specific objections regarding reasonable basis and deferring to the Court to determine whether the requirement has been met. ECF No. 87.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

#### A.    Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over six years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs in litigating this matter thus far, and while the entitlement hearing was recently completed, post-hearing briefs have not yet been filed and a decision will require additional time thereafter. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

### B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for her counsel, Ms. Elizabeth Muldowney: $363 for work performed in 2018; $372 for work performed in 2019; $388 for work performed in 2020; $408 for work performed in 2021; $421 for work performed in 2022; $450 for work performed in 2023; and $475 for work performed in 2024. Petitioner also requests $394 per hour for work performed by Mr. Ramon Rodriguez in 2018. Motion for Interim Fees at 9. The rates requested are consistent with what counsel have been awarded previously. *See Eloyan v. Sec'y of Health & Human Servs.*, No. 18-1450V, 2024 WL 3913710 (Fed. Cl. Spec. Mstr. July 8, 2024); *Roy v. Sec'y of Health & Human Servs.*, No. 17-323, 2022 WL 2449753 (Fed. Cl. Spec. Mstr. June 9, 2022). Accordingly, the rates are awarded as requested herein.

### C. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

4

tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$60,118.20.**

**D.     Reasonable Costs**

Petitioner requests a total of $40,122.75 in costs. Pet. Ex. 48. The requested costs consist of securing medical records, copies, postage, the hearing transcript, and costs associated with petitioner's expert, Dr. Lawrence Steinman. *Id*.

Petitioner requests $33,825.00 for Dr. Steinman, for 61.5 hours of work at rate of $550 per hour. Pet. Ex. 48 at 18-19. Dr. Steinman wrote four reports and testified at the entitlement hearing during this time. This rate is consistent with that Dr. Steinman has been awarded previously, and I find the time he spent reasonable and well-documented. *See Wilson-Noble v. Sec'y of Health & Human Servs.*, No. 21-1518V, 2024 WL 3665962 (Fed. Cl. Spec. Mstr. July 11, 2024).

The other costs requested by petitioner are typical in the Vaccine Program and petitioner has provided adequate documentation to support all her requested costs. However, I note that petitioner's expenses for copies, specifically color copies, appear quite high. While I will award them at this time, counsel is cautioned to be conscious of these expenditures in the future. Accordingly, petitioner is awarded **$40,122.75** in costs.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$100,240.95,** representing $60,118.20 in attorneys' fees and $40,122.75 in costs, **to be paid through an ACH deposit to petitioner's counsel Elizabeth Muldowney's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master